UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Adrian Ramone, | 2:25-cv-00948-JAD-MDC |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Taco El Gordo., | |
| Defendant. | |

Pending before me are plaintiff's *Motion/Application to Proceed In Forma Pauperis* ("IFP application") (ECF No. 1) and Complaint (ECF No. 1-1). For the reasons stated below, I RECOMMEND DISMISSING plaintiff's complaint without leave to amend and DENYING the IFP application as moot.

**DISCUSSION**

**I. COMPLAINT**

  **A. Legal Standard**

When a plaintiff seeks to proceed IFP, the court must screen the complaint or the amended complaint purporting to cure any defects of the original complaint. 28 U.S.C. § 1915(e). Section 1915(e) states that a "court shall dismiss the case at any time if the court determines that (A) the allegations of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(A), (B)(i)-(iii). Dismissal for failure to state a claim under § 1915(e) incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added).

**B.  Analysis**

Federal courts have limited subject matter jurisdiction and may determine if jurisdiction exists at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). "We presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316, 111 S. Ct. 2331, 2336 (1991) (internal quotation marks and citations omitted). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 80 L. Ed. 1135, 56 S. Ct. 780 (1936)).

A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Pursuant to 28 U.S.C. § 1331, district courts have federal question jurisdiction when a "civil action[] aris[es] under the Constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank,* 522 U.S. 470, 475, 118 S. Ct. 921, 925 (1998) (internal quotations and citations omitted). Pursuant to 28 U.S.C. § 1332, district courts have diversity

jurisdiction when [1] parties are diverse **and** [2] "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." *Id.* (emphasis added).

Plaintiff asserts that this Court has jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction. Having reviewed plaintiff's Complaint, I find that there is neither diversity jurisdiction nor federal question jurisdiction in this action. Therefore, I recommend that this case be dismissed for lack of subject matter jurisdiction.

### C.  Diversity Jurisdiction

As stated above, district courts have diversity jurisdiction when [1] parties are diverse **and** [2] "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332 (emphasis added). Plaintiff failed to establish that all parties are diverse and that the amount in controversy exceeds $75,000.

#### a.  Complete Diversity

It is unclear whether complete diversity exists. The statutory language of § 1332 has been read to "require complete diversity between all plaintiffs and defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 613 (2005). This means that plaintiff cannot be a citizen of the same state as any defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). The specific language of § 1332 uses "citizen" rather than residence. *See* 28 U.S.C. § 1332. Residence is not synonymous with domicile or citizenship, *see Kanter v. Warner-Lambert Co.*, 265 F3d 853, 857 (9th Cir. 2001); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F3d 1082, 1086-87 (9th Cir. 2014) (holding that a complaint is defective if it alleges diversity jurisdiction based on residency rather than citizenship).

Here, plaintiff alleges that diversity jurisdiction exists because the "the amount in controversy exceeds $75,00 and the ***parties are residents of the same state***." See ECF No. 1-1 at 1 *(emphasis added)*. Plaintiff appears to believe that the statute requires plaintiff and defendant to share a common state. Plaintiff is mistaken. As stated above, the statute requires diversity of citizenship – this means that

plaintiff and defendant cannot be citizens of the same state. It is unclear whether plaintiff intends to use "resident" and "citizen" interchangeably. Thus, it is unclear whether plaintiff is a citizen of Nevada for the purposes of determining diversity jurisdiction. Plaintiff's state citizenship is further made ambiguous because the plaintiff claims he is a resident of Nevada but provides a "non-domestic [Nevada] mailing address." The address provided appears to be a United States Post Office location. Because plaintiff has failed to establish diversity of citizenship, I find diversity jurisdiction has not been established.

      **b. Amount in Controversy**

Even if parties were completely diverse, diversity jurisdiction would not be established. *See* 28 U.S.C. § 1332(a) (requiring the amount in controversy to **exceed** the sum or value of $75,000) (emphasis added). Plaintiff claims $550,000 in damages. *ECF No. 1-1 at 2.* He alleges he suffered "$7,057 in verified medical expenses, $200,000 in pain and suffering, $150,000 in emotional distress and spiritual harm, $75,000 for forces pharmaceutical use and kidney complications, and $117,943 in punitive damages for bad faith and slander." *Id.* However, plaintiff fails to allege how, other than the "verified medical expenses," he is entitled to the other sums that he seeks as damages. Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003). Therefore, plaintiff has not established that he meets the amount in controversy requirement. Thus, diversity jurisdiction has not been established.

    **D. Federal Question Jurisdiction**

For clarity of the record, the Court also addresses the lack of federal question jurisdiction. Plaintiff does not allege the application of any federal law to any of his claims. "The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turns on some construction of

federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983)). Plaintiff does not state any federal statutes, federal treaties, or provisions of the United States Constitution at issue that would grant this Court jurisdiction over his claims.

The Supreme Court in *Erickson* requires "[a] document filed *pro se*…be liberally construed" and a pro se complaint, however inartfully pleaded held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. However, "[c]ourts are not required to conjure allegations on behalf of pro se filers." *Coney v. Lozo*, 2024 U.S. Dist. LEXIS 89865, at *5 (D. Nev. May 20, 2024) (internal citations omitted). In other words, "[t]he courts cannot assume the role of advocates and create arguments never made." *Donahue v. United States*, 660 F.3d 523, 524 (1st Cir. 2011); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986)); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("[A] federal court is not required to construct legal arguments for a pro se petitioner."). Plaintiff's alleged causes of actions arise under state law, i.e., "negligence, emotional distress, product liability, and defamation/bad faith." Plaintiff does not allege the presence of any federal question which would give rise to federal question jurisdiction. Thus, I cannot construct an argument for jurisdiction where there is none.

### E. Pro Se Trustee

Plaintiff's Complaint contains issues other than lack of subject matter jurisdiction. Plaintiff alleges that he "is a private individual acting in capacity as Trustee of the Rivera Family Private Trust." *See ECF No. 1-1 at 1*. It is unclear what plaintiff means by this as it appears that plaintiff is bringing an individual claim rather than on behalf of the trust. If a plaintiff is representing the interests of the trust, and thus the beneficiaries of the trust, the plaintiff cannot be viewed as a party conducting his "own case personally" within the meaning of 28 U.S.C. § 1654. *See Maisano v. Welcher*, 940 F.2d 499, 501 (9th Cir. 1991) (finding that the plaintiffs, who were both trustees and beneficiaries of the trust, lacked standing to maintain an action on behalf of the trust as pro se litigants); *see also C.E. Pope Equity Tr. v.*

*United States,* 818 F.2d 696, 697-98 (9th Cir. 1987) (citations omitted) (finding that nonlawyer trustee, proceeding pro se, may not bring claims on behalf of a trust, unless he is the sole beneficiary of the trust). It is unclear whether plaintiff is the sole beneficiary of the trust, thus to the extent the Rivera Family Trust has other beneficiaries, I find plaintiff cannot proceed pro se.

## II. IFP APPLICATION

Because the Court lacks subject matter jurisdiction over this action, I recommend that plaintiff's IFP application be denied as moot.

## III. CONCLUSION

In conclusion, I **RECOMMEND** that:

1. The Complaint (ECF No. 1-1) be dismissed without prejudice but without leave to amend for lack of subject matter jurisdiction.

2. The IFP application (ECF No. 1) be denied as moot.

DATED this 20th day of June 2025.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.