UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Adrian Ramone, of the Rivera Family, Trustee of the Rivera Family Private Trust,<br><br>Plaintiff<br><br>v.<br><br>Taco El Gordo,<br><br>Defendant | Case No.: 2:25-cv-0948-JAD-MDC<br><br>**Order Adopting Report<br>and Recommendation and Dismissing<br>Action Without Prejudice**<br><br>[ECF Nos. 1, 4, 5] |

Adrian Ramone brings this tort action, alleging that he was injured when he "consum[ed] contaminated food containing a bone or foreign object served at" the Tacos El Gordo restaurant on West Sunset Road in Las Vegas, Nevada, on December 13, 2023.[1] Because Ramone applies to proceed *in forma pauperis*, the magistrate judge screened his complaint and recommends that I dismiss it without leave to amend because it appears from the face of the complaint that this court lacks jurisdiction to hear this case.[2]

The problem, the magistrate judge explains, is that Ramone purports to invoke this court's jurisdiction based on 28 U.S.C. § 1332, which requires that the citizenship of the plaintiff and defendant be completely diverse and that the amount in controversy exceed $75,000, but Ramone's allegations don't support jurisdiction on this basis. Ramone alleges in the complaint that "the parties are residents of *the same* state."[3] Indeed, he gives his own address as one in Las Vegas, Nevada, and also alleges that Taco El Gordo "is a commercial business operating in Las

---

[1] ECF No. 1-1.
[2] ECF No. 4.
[3] ECF No. 1-1 at ¶ 1 (emphasis added).

Vegas, Nevada."[4] But residency doesn't determine citizenship, so these allegations don't establish that the parties are diverse as the statute requires.[5]

Even if the parties could be diverse, the magistrate judge notes, the allegations in Ramone's complaint don't support an amount in controversy that exceeds the jurisdictional threshold.[6] Although Ramone demands an award of large, round numbers, the only concrete value he alleges is "$7,057 in verified medical expenses,"[7] which falls far short of the necessary $75,000 floor. So the magistrate judge found that "diversity jurisdiction has not been established."[8] The magistrate judge also found that confusion was created by the way that Ramone purports to bring this action—not on his own behalf, but as "a private individual acting in capacity as Trustee of the Rivera Family Private Trust."[9] So he recommends that Ramone's complaint be dismissed without prejudice or leave to amend, and that his application to proceed *in forma pauperis* be denied as moot.[10]

Ramone objects to that recommendation.[11] He explains that he is bringing this suit "in private capacity and not in representation of a third-party trust."[12] He asks for "leave to amend

---

[4] *Id*.
[5] ECF No. 4 at 4.
[6] *Id*.
[7] ECF No. 1-1 at 2.
[8] ECF No. 4 at 4.
[9] ECF No. 1-1 at ¶ 3.
[10] *Id*. at 6.
[11] ECF No. 5.
[12] *Id*. at 1. Much of the language in Ramone's filings (like suing on behalf of a "trust" and using the phrase "sui juris, the injured man and real party in interest") and his notice of "final determination and administrative judgment," "affidavit of non-response and default," and "certificate of dishonor" suggest that he is adopting some of the sovereign-citizen type procedures that he likely learned from the internet. The Ninth Circuit has deemed the sovereign-citizen ideology frivolous and "entirely without merit." *United States v. Marks*, 530 F.3d 799,

to clarify and confirm federal diversity jurisdiction, and to allege that" the defendant is domiciled outside of Nevada. And he baldly says that his "damages exceed the statutory threshold under 28 U.S.C. § 1332."[13]

Having considered the magistrate judge's recommendation de novo and in light of Ramone's objections, I overrule the objections and adopt the recommendation. Ramone's allegations in the complaint have pled him out of federal jurisdiction because he has expressly alleged that the parties are from the same state, and his actual damages are far below the jurisdictional threshold. While this court freely grants leave to amend when justice requires, Ramone's objection offers nothing to show that he could presently cure these jurisdictional defects, so granting leave to amend now would be futile. And because it appears that there are still several months left in the statutory period for filing these claims, I can't conclude that Ramone would be prejudiced if his claims are dismissed with the opportunity to file a new complaint if he can gather and plead facts to show that Taco El Gordo's citizenship is diverse from his own and that his true damages exceed $75,000.[14]

IT IS THEREFORE ORDERED that **plaintiff's objection [ECF No. 5] is OVERRULED,** and the Report and Recommendation **[ECF No. 4] is ADOPTED. This action is DISMISSED** without prejudice or leave to amend, and the application to proceed *in forma pauperis* **[ECF No. 1] is DENIED without prejudice as moot. The Clerk of Court is directed to CLOSE THIS CASE.**

---

811 (9th Cir. 2008). The court cautions Ramone that these procedures and terms have no legitimate legal significance in the litigation system and only inject confusion into his filings.

[13] ECF No. 5 at 1.

[14] Ramone will need to determine the owner of this restaurant and what kind of entity (corporation, limited liability company, etc.) it is and then research how citizenship is determined for such an entity.

3

This means that this case is over, but Ramone may still be able to file a new complaint in a new case and with a new application to proceed *in forma pauperis* if he can timely gather the facts that he needs to plead federal jurisdiction under 28 U.S.C. § 1332. Ramone is cautioned that statues of limitations may be running, and he alone remains responsible for calculating any filing deadlines. If he does choose to file a new complaint in a new case, he should use this court's form complaint for a civil case, available at http://www.uscourts.gov/forms/pro-se-forms, and file a new application to proceed *in forma pauperis* using the form available on this court's website at https://www.nvd.uscourts.gov/court-information/forms/.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: July 1, 2025